IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| ROBERT SPENCER LUNGER | : | BANKRUPTCY NO.: 5-06-bk-50219 |
| RACHEL ANN LUNGER, | : | |
| | : | |
| DEBTORS | : | |
| | : | |
| HSBC, a London Corporation, s/b/m/a | : | |
| of Household Finance Consumer | : | |
| Discount Company | : | |
| OBJECTOR | : | |
| | : | |
| vs. | : | |
| | : | |
| ROBERT SPENCER LUNGER | : | |
| RACHEL ANN LUNGER, | : | |
| | : | |
| RESPONDENTS | : | |

# OPINION

Called into play in this case is an interpretation of 11 U.S.C.A. § 1322(b)(2), otherwise know as the "anti-modification clause." That section reads:

> (b) Subject to subsections (a) and (c) of this section, the plan may--
> . . .
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

11 U.S.C.A. § 1322

While BAPCPA (bankruptcy reform legislation of 2005) did not alter this Section, it did define the term "debtor's principal residence" as follows:

The term "debtor's principal residence"--

(A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and
(B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.

11 U.S.C.A. § 101(13A)

The term "incidental property" means, with respect to a debtor's principal residence--
(A) property commonly conveyed with a principal residence in the area where the real property is located;
(B) all easements, rights, appurtenances, fixtures, rents, royalties, mineral rights, oil or gas rights or profits, water rights, escrow funds, or insurance proceeds; and
(C) all replacements or additions.

11 U.S.C.A. § 101(27B)

The facts in the case before me are not complicated. The Debtors own a home encumbered by a mortgage in favor of Household Finance Consumer Discount Company. The mortgagee also claims a security interest in a tax escrow account. The Debtors, in their Chapter 13, are now trying to modify that mortgage. Household claims that modification is not possible because of the anti-modification clause of the Bankruptcy Code which suggests that if a mortgagee encumbers only the residential property, then the debtor is barred from modifying the security interest. The Debtors' response argues that the lien on the escrow account allows the mortgage to be modified.

I have addressed this very issue in *In re Donadio*, 269 B.R. 336 (Bankr.M.D.Pa. 2001). In that case, I concluded that, in Pennsylvania, the escrow account represented separate property of the debtor independent of the real estate and, therefore, a lien upon the escrow removed the security interest from the protections of the anti-modification

clause. *Donadio*, however, was a 2001 case. In 2005, Congress passed BAPCPA which apparently attempted to broaden the scope of the anti-modification clause by defining the term "debtor's personal residence," and "incidental property." Collier's advances that the purpose of these new provisions was to "clarify" § 1322(b). Unfortunately, the recent legislation is not a model of clarity. If one were to substitute the new definitions into § 1322(b) for the words "debtor's personal residence" and "incidental property," it would read, thusly, "the plan may-- modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is ~~the debtor's principal residence~~ *a residential structure*, including ~~incidental property~~ *escrow funds*."

Our Circuit, in *In re Scarborough*, 461 F.3d 406 (3d Cir. 2006), emphasized the importance of the word *is* in § 1322(b)(2), as used in the phrase " . . . real property that *is* the debtor's principal residence . . . ." The Court concluded that, in this context, it meant "must be only." *Id.* at 411. In *In re Ferandos,* 402 F.3d 147 (3d Cir. 2005), the Circuit self characterized its approach to § 1322(b)(2) as being "focused on the plain language of the section." *Id.* at 151. If I apply plain language to the facts of this case, I conclude that the Debtors are attempting to modify a mortgage secured by real property, a Wyoming County residence, and personal property, an escrow account. The Bankruptcy Code, however, defines "debtor's personal residence" as including an escrow account. Since it is apparent that escrow funds in Pennsylvania are not "real property," it is somewhat difficult to comprehend a situation where real property would "include" within its definition, an item of personalty, such as an escrow fund, without actually being "absorbed" into the

Case 5:06-bk-50219-JJT   Doc 45   Filed 06/29/07   Entered 06/29/07 14:26:25   Desc
Main Document      Page 3 of 5

property like a fixture. As one court has said, when confronted with the application of § 1322(b)(2) to a debtor's mobile home:

> Clearly, reading the newly adopted § 101(13A) definition of "debtor's principal residence" in conjunction with § 1322(b)(2) results in an absurdity, because § 1322(b)(2) must now be construed to provide that a debtor may not modify the claims of a creditor holding a security interest in the debtor's residential structure, including a condominium, cooperative, mobile home, or trailer, irrespective of whether it is attached to the real property, but only if the security interest includes the real property.

*In re Shepherd,* 354 B.R. 505, 511 (Bkrtcy.E.D.Tenn. 2006).

Nevertheless, while property interests are normally defined by state law (*Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)), to the extent that state laws actually conflict with the bankruptcy law, state laws may be suspended. *Butner* at 918 n.9. Thus, since Congress chose to define all "incidental property" as included in the "debtor's personal residence" and all residences as being included in the term "real property," Congress has effectively broadened the definition of real property for the purposes of implementing § 1322(b)(2).

      Even if I err in finding that Congress did not intend to "expand" the definition of real property, the outcome of this case would be the same. While acknowledging that there is no *de minimus* exception to § 1322(b)(2), our Circuit has concluded that New Jersey's "view" of an escrow as not representing "additional" collateral, is one of "common sense." *In re Ferandos,* 402 F.3d 147, 156 (3d Cir. 2005). Such an opinion by our controlling Circuit is a powerful indicator that the 2005 amendments would be interpreted so as to apply the anti-modification clause to the revamped definition of

debtor's personal residence.

While perhaps poorly worded, I find that the "plain meaning" of the statute would bar modifications of residential real estate despite a mortgagee holding a secured interest in what has now been defined as "incidental property" such as an escrow fund.

An Order will follow.

Date:   June 29, 2007

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*